Staub *v.* Williams.

## STAUB *v.* WILLIAMS.

ATTACHMENT. *Appeal bond.* The statute which authorizes the owner of real estate ordered to be sold by the decree of a court of equity to appeal on giving bond for costs, does not apply to attachment cases proper.

MOTION TO RESCIND AN ORDER OF DISMISSAL.

COOPER, J., delivered the opinion of the court.

The decree of the court below having been rendered on notes of hand for a specific sum of money, it was held on a former day of the term, upon motion, that the defendant's appeal should be dismissed unless he gave bond for the debt, damages and costs, as required by the Code, secs. 3162, 3164. The defendant now moves the court to rescind this order because the suit below was commenced by attachment of the defendant's lands which were ordered to be sold by the decree, whereby the case was brought within the act of 1871, ch. 106, carried into the Code at sec. 3164a. That section reads thus: "In all cases in which, by the decree of any court of equity, real estate is ordered to be sold, and the party whose real estate is so decreed to be sold prays and obtains an appeal to the Supreme Court, he shall be required to execute a bond in an amount sufficient to pay the costs of the cause in the court below and in the Supreme Court." The argument is that the statute is peremptory, makes no exceptions, and provides for a

bond for damages and costs only "in all cases" where land is decreed to be sold, and the owner appeals. It stands upon the letter of the law. But the letter of the law would limit its application to cases where real estate is ordered to be sold without any decree for money, as in sales for partition, or sales of the property of persons under disability. Obviously in this, as in other cases of statutory construction, we must look beyond the mere letter to the real intent of the Legislature; and the best mode of arriving at that intent is to ascertain the evil of the pre-existing law, and which the act was intended to remedy. Originally, equity had no jurisdiction to give judgment upon notes of hand even as an incident to the exercise of acknowledged jurisdiction, the remedy being plain at law. Thus, upon a bill to enforce the vendor's lien for the purchase notes of land, or to foreclose a mortgage of realty by sale, the rule was to sell the land, leaving the complainant to sue at law for any part of his debt not satisfied by the proceeds of sale. Afterward, either by statute as in New York, by rule of court as in the courts of the United States, or by usage as in this State, it became the practice to render a judgment for any balance of debt. In this State, under our legislation, it had become the rule to render judgment for the whole debt in advance of the sale. *Mitchell* v. *McKinny*, 6 Heis., 83. In this state of the law, it was obviously a hardship to require security for the entire debt upon appeal, for the complainant had already the security of the property, a security recognized as suf-

ficient by the terms of his contract in most instances. The statute was intended for this class of cases. To extend it to cases of attachment of property, would violate the legislative intent and lead to two glaring evils. In the first place, the property attached most frequently falls far below the creditor's demand, and the bond would be grossly inadequate. And, in the second place, such a construction would require a different bond in equity from that required at law in precisely the same class of cases, a result violative of the express legislative intent to assimilate the proceedings of the two courts in attachment cases.

The motion must be disallowed.